**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND; AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY WELFARE FUND; and AUTOMOBILE MECHANICS' LOCAL NO. 701 DEFINED CONTRIBUTION RETIREMENT FUND, | CASE NO: 19-cv-6384 <br><br> JUDGE: <br><br> MAGISTRATE JUDGE: |
| Plaintiffs, | |
| vs. | |
| KEENAN TRANSIT CO., an Illinois corporation, | |
| Defendant. | |

**COMPLAINT**

NOW COME the Plaintiffs, the AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND ("PENSION FUND"), AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY WELFARE FUND ("WELFARE FUND"), and AUTOMOBILE MECHANIC'S LOCAL NO. 701 DEFINED CONTRIBUTION RETIREMENT FUND ("401(K) FUND") (collectively "TRUST FUNDS"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant KEENAN TRANSIT CO. ("KEENAN TRANSIT"), and in support, allege as follows:

**JURISDICTION AND VENUE**

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 1132 and 1145.

2. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)) in that the PENSION FUND and WELFARE FUND are administered at 361 S. Frontage Road, Suite 100, Burr Ridge, Illinois 60527 and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The TRUST FUNDS receive contributions from numerous employers pursuant to various collective bargaining agreements between the employers and the Automobile Mechanics' Local 701, International Association of Machinists and Space Workers, AFL-CIO, of Chicago and vicinity ("UNION"), and therefore are multi-employer plans under 29 U.S.C. §1002.

4. Pursuant to 29 U.S.C. §§ 1132(a)(3) and 1145, the TRUST FUNDS are authorized to bring this action on behalf of their participants and beneficiaries to enforce a collective bargaining agreement.

5. During the time period relevant to the instant matter, the UNION was the bargaining representative of Defendant KEENAN TRANSIT's bargaining unit employees.

6. The Defendant KEENAN TRANSIT is an Illinois limited liability company with its principal place of business located in Carol Stream, Illinois.

## COUNT I
## BREACH OF CONTRACT

7. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-6 of this Complaint with the same force and effect as if fully set forth herein.

8. KEENAN TRANSIT is an employer engaged in an industry affecting commerce which agreed to be bound by the terms of a Collective Bargaining Agreement ("CBA"). (A copy of the CBA is attached hereto as **Exhibit 1**).

9. Through the CBA, KEENAN TRANSIT agreed to be bound by the provisions of the Agreements and Declarations of Trust which created the PENSION FUND and WELFARE FUND (hereinafter referred to as the "Trust Agreements").

10. Pursuant to the provisions of the CBA and the Trust Agreements, Defendant KEENAN TRANSIT is required to make monthly reports of the number of weeks worked by Covered Employees and pay contributions to the PENSION FUND and WELFARE FUND for each week that a Covered Employee performs any work at the negotiated rate set forth in the CBA. The monthly reports and contributions during all relevant times were due on or before the 10th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 1**).

11. Pursuant to the provisions of the CBA and the Trust Agreements, Defendant KEENAN TRANSIT is required to deduct its employees' pre-tax wages in an amount elected by each employee as an employee contribution ("401(k) elective deferral") to the 401(K) FUND. (**Exhibit 1**).

12. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the CBA and Trust Agreements, employers who fail to submit their contributions and 401(k) elective deferrals to the TRUST FUNDS on a timely basis are responsible for the payment of liquidated damages equal to ten percent (10%) of the amount unpaid, plus interest and any reasonable attorney's fees and costs of maintaining suit. (**Exhibit 1**).

13. A recently completed payroll compliance audit report revealed that KEENAN TRANSIT owes the PENSION FUND the aggregate amount of $1,610.00 in contributions for the period of January 1, 2013 through December 31, 2016.

14. As a result of KEENAN TRANSIT's failure to timely pay contributions to the PENSION FUND during the period of January 1, 2013 through December 31, 2016, KEENAN TRANSIT owes the PENSION FUND liquidated damages in the aggregate amount of $161.00 and interest in the aggregate amount of $899.79, plus any additional interest that may accrue.

15. The payroll compliance audit report further revealed that KEENAN TRANSIT owes the WELFARE FUND the aggregate amount of $1,435.00 in contributions for the period of January 1, 2013 through December 31, 2016.

16. As a result of KEENAN TRANSIT's failure to timely pay contributions to the WELFARE FUND during the period of January 1, 2013 through December 31, 2016, KEENAN TRANSIT owes the WELFARE FUND liquidated damages in the aggregate amount of $143.50 and interest in the aggregate amount of $801.99, plus any additional interest that may accrue.

17. In addition to the audit deficiencies, KEENAN TRANSIT failed to remit timely payment of 401(k) elective deferrals to the 401(K) FUND for the months of May 2019 and June 2019, resulting in liquidated damages in the aggregate amount of $39.64 and interest in the aggregate amount of $5.63.

18. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from KEENAN TRANSIT.

19. Plaintiffs have complied with all conditions precedent in bringing this suit.

20. KEENAN TRANSIT is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the CBA, the Trust Agreements, and 29 U.S.C. §1132(g)(2)(D).

**WHEREFORE**, the Plaintiffs respectfully request:

A. That Judgment be entered in favor of Plaintiffs and against KEENAN TRANSIT in the aggregate amount of $5,096.55, itemized as follows:

   i. $1,610.00 in contributions owed to the PENSION FUND for the period of January 1, 2013 through December 31, 2016;

   ii. $161.00 in liquidated damages owed to the PENSION FUND for the period of January 1, 2013 through December 31, 2016;

   iii. $899.79 in interest owed to the PENSION FUND, plus any additional interest, for the period of January 1, 2013 through December 31, 2016;

   iv. $1,435.00 in contributions owed to the WELFARE FUND for the period of January 1, 2013 through December 31, 2016;

   v. $143.50 in liquidated damages owed to the WELFARE FUND for the period of January 1, 2013 through December 31, 2016;

   vi. $801.99 in interest owed to the WELFARE FUND, plus any additional interest, for the period of January 1, 2013 through December 31, 2016;

   vii. $39.64 in liquidated damages owed to the 401(K) FUND for KEENAN TRANSIT's failure to remit timely payment of 401(k) elective deferrals for the months of May 2019 and June 2019;

viii. $5.63 in interest owed to the 401(K) FUND for KEENAN TRANSIT's failure to remit timely payment of 401(k) elective deferrals for the months of May 2019 and June 2019;

B. That KEENAN TRANSIT be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreement, and 29 U.S.C. §1132(g)(2)(D); and

C. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant KEENAN TRANSITS's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully Submitted,

**AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND** *et al.*

By: /s/ Lucas J. Habeeb - 6329755
One of Plaintiffs' Attorneys

Lucas J. Habeeb
JOHNSON & KROL, LLC
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 372-8587
habeeb@johnsonkrol.com